# NO. 12-15-00122-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *WESLEY S. ANGLIN,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Relator Wesley S. Anglin has filed a document entitled "Petition for Writ of Mandamus" in which he seeks to avoid the waiver of extradition he signed on March 27, 2009. He requests that this court direct the trial court to rule on his "Motion for Default." We deny the petition.

### BACKGROUND

Relator alleges in his mandamus petition that, following a demand by the State of Kentucky for his extradition from Texas, he was brought to court in Van Zandt County. There, he contends, he was placed under duress and refused an attorney and then presented with a waiver of extradition and "instructed" to sign it. He alleges further that he "reserved his right for extradition in accordance with sovereign decree." In this original proceeding, filed more than six years after he signed the waiver of extradition, Relator seeks a declaration that the waiver is void.

Along with his petition, Relator has provided a copy of three documents. The first is a "Waiver of Extradition" signed by a magistrate and Relator.[1] According to this document, signed on March 27, 2009, Relator waived "formal extradition" and agreed to voluntarily return

---

[1] The accused may waive the issuance and service of the governor's warrant and all other procedures incidental to extradition by executing in the presence of a judge or any court of record within Texas a writing stating that he consents to return to the demanding state. TEX. CODE CRIM. PROC. ANN. art. 51.13 § 25a(a) (West Supp. 2014).

to Kentucky in the custody of duly authorized agents of that state. The portion of the waiver signed by the magistrate includes a recitation that Relator signed the waiver after having his rights explained to him "under the law" and that Relator stated orally and by signing the waiver that he waived extradition. Relator was subsequently transported to Kentucky where he is presently incarcerated.

The second is entitled "Sui Generis Declaration of Rights; Taken in Sui Juris" and is similar to an original petition. In this document, Relator expresses his desire to "contest the legality of the transfer" to Kentucky "as well [as] the contract of which I sovereignly expressed my wish to reserve all rights." Relator alleges that he filed this document on December 3, 2013. The third document is entitled "Motion for Default," which Relator allegedly filed in the trial court on June 5, 2014, after receiving no response to his Sui Generis Declaration of Rights. By this motion, he requests a default judgment declaring that the waiver is void and that he is released from the performance of his "contract."

The trial court has not ruled on the Motion for Default, and Relator asks this court to require that it do so.

### AVAILABILITY OF RELIEF

In a criminal case, a relator is entitled to mandamus relief only if he establishes (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 121-22 (Tex. Crim. App. 2013) (orig. proceeding). The ministerial act requirement is satisfied if the relator can show a clear right to the relief sought. *Id.* at 122. A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Id.*

The duty of a trial court is to see that the cases before it proceed in an appropriate fashion. *In re Cash*, No. 06-04-00045-CV, 2004 WL 769473, at *1 (Tex. App.–Texarkana Apr. 13, 2004, orig. proceeding) (mem. op.). In general, however, it does not have a duty to rule on "free-floating motions unrelated to currently pending actions. In fact it has no jurisdiction to rule on a motion when it has no plenary jurisdiction coming from an associated case." *Id.* Here, Relator has not identified any proceeding pertaining to his extradition that is pending in the trial

2

court. Consequently, he has not shown that the trial court has a duty to rule on his Motion for Default.

## DISPOSITION

Because Relator has not shown that the trial court has a duty to rule on his Motion for Default, he cannot establish that what he seeks to compel is a ministerial act. Therefore, he has not shown that he is entitled to mandamus relief. Accordingly, we *deny* Relator's petition for writ of mandamus.

Opinion delivered July 8, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 8, 2015

NO. 12-15-00122-CR

**WESLEY S. ANGLIN,**
Relator
V.

**HON. TERESA DRUM,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by **WESLEY S. ANGLIN,** who is the relator in Cause No. W09-0327, pending on the docket of the 294th District Court Judicial District Court of Van Zandt County, Texas. Said petition for writ of mandamus having been filed herein on May 11, 2015, and the same having been duly considered, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

4